UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| FREKETA TACKETT KING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:08-213-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed for disability benefits on May 22, 2006, alleging an onset of disability of February 15, 2006, due to anxiety, antisocial disorder, and back problems. [AR at 59-61, 77.] Plaintiff's application was denied upon her initial application and upon reconsideration. Upon Plaintiff's request, a

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

hearing on her application was conducted on December 5, 2007, and her application was subsequently denied by Administrative Law Judge ("ALJ") Frank Letchworth on February 28, 2008. [AR at 15-23.] Plaintiff timely pursued and exhausted her administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g). [*See* AR at 2-8.]

Plaintiff was thirty-eight-years-old at the time of the final decision by the ALJ. [AR at 21, 59.] She has an twelfth grade education and past relevant work experience as a general laborer. [AR at 78, 82.] It is undisputed that Plaintiff has not worked since the date of the alleged onset of her disability. [*See* AR at 17.]

On February 28, 2008, and relying on the record assembled before him, the ALJ made the following findings of fact in determining that Plaintiff was not entitled to disability benefits:

    1. The claimant has not engaged in substantial gainful activity since May 9, 2006, the application date (20 CFR 416.920(b) and 416.971 *et seq*.).

    2. The claimant has the following severe impairments: degenerative disc disease (DDD) and anxiety-related disorders (20 CFR 416.920(c)).

    3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

    4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except

>occasional climbing ramps/stairs; no climbing ladders, ropes or scaffolds; no crawling; requires a forty-five (45) minute sit-stand option; no more than frequent operation of foot control; no work at unprotected heights or around hazardous equipment; no work involving concentrated exposure to vibratory equipment or vibration; that requires an object focused work environment; no more than occasional superficial interaction with other persons; does not involve a large degree of stress; and does not require a production rate or quota.
>
>5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
>6. The claimant was born on June 12, 1969 and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
>7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
>8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
>9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 416.960(c) and 416.966).
>
>10. The claimant has not been under a disability, as defined in the Social Security Act, at any time since May 9, 2006, the date the application was filed (20 CFR 416.920(g)).

[AR at 17-18, 21-22.]

## II.  OVERVIEW OF THE PROCESS

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

>1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless

3

>of the claimant's medical condition.
>
>2.   An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
>3.   If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
>4.   If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
>5.   If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.*  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Id.*

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

As an initial matter, the Court notes that Plaintiff does not challenge the ALJ's finding with regard to the severity of her impairments or that her impairment or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Rather, Plaintiff concludes that she "is unable to perform any gainful employment available in significant numbers in the national economy, based on the evidence of record." [Record No. 10 at 5-6.] In other words, Plaintiff appears to challenge the ALJ's determination that the evidence of record supports a finding that she has the residual functional capacity to perform limited light work.

Having ascertained the nature of her challenge to the ALJ's decision, the Court is still at a loss as to the theory of

Plaintiff's challenge because she makes no argument nor does she specify how she believes that the ALJ erred. Instead she offers a conclusory recitation of the conditions from which she claims to suffer, including panic attacks, short-term memory loss, a neck injury, numbness in her right leg, anxiety, mental illness, a bad back, and migraines. She makes a similar recitation of the limitations that she believes to be relevant to this court's inquiry including an inability to lift, pain, and the fact that she is leery driving by herself. In creating these laundry lists of conditions and perceived limitations, she offers no citation to the record nor to any portion of the ALJ's decision which she believes to be in error.

Where a Plaintiff does not develop an argument or identify specific aspects of the ALJ's decision that allegedly lack support in the record, the Sixth Circuit has:

> . . . decline[d] to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in her brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Security*, 447 F.3d 477, 491 (6th Cir. 2006). This Court will do the same.

This Court is charged with determining whether there is

substantial evidence in the administrative record to support the decision of the Commissioner that Plaintiff is not entitled to benefits for which her application was made and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Foster*, 279 F.3d at 353. As Plaintiff has not identified why she believes that the Commissioner's decision is not supported by substantial evidence or failed to apply the correct legal standard with regard to her claim, the decision rendered by the ALJ and adopted by the Commissioner shall affirmed.

**V. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED.**

(2) That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 9th day of April, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge